Irene Karbelashvili, State Bar Number 232223
Law Office of Irene Karbelashvili
12 South First Street, Suite 413
San Jose, CA 95113
Telephone: (408) 295-0137
Fax: (408) 295-0142

Kenneth J. Pinto, State Bar Number 221422
Law Office of Kenneth J. Pinto
12 South First Street, Suite 713
San Jose, CA 95113
Telephone: (408) 289-1765
Fax: (408) 289-1754

Attorneys for RICHARD JOHNSON, Plaintiff

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD JOHNSON,<br>　　　　Plaintiff,<br><br>vs.<br><br>CRUZ SERGION BECERRA, an individual, d/b/a MARISCOS SAN JUAN; ROBERT D. FRISONE, an individual; VIZZA INVESTMENTS, LLC, a California limited liability company; and DOES 1-20, Inclusive,<br>　　　　Defendants. | Case No.<br><br>*Civil Rights*<br><br>**COMPLAINT FOR DAMAGES PER CALIFORNIA CIVIL CODE § 1714, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, DECLARATORY RELIEF AND DAMAGES: DENIAL OF CIVIL RIGHTS AND ACCESS TO PUBLIC FACILITIES TO PHYSICALLY DISABLED PERSONS, PER FEDERAL AND CALIFORNIA STATUTES (INCLUDING CIVIL CODE §§ 51, 52, 54, 54.1, 54.3, AND § 55; AND HEALTH & SAFETY CODE §§ 19955 ET SEQ.); INJUNCTIVE RELIEF PER TITLE III, AMERICANS WITH DISABILITIES ACT OF 1990**<br><br>**DEMAND FOR JURY TRIAL** |

# I. INTRODUCTION

1. On July 26, 1990, Congress enacted the Americans with Disabilities Act (ADA), establishing the most important civil rights for person with disabilities in our country's history. 42 USC §12101 et seq.; ADA §2 et seq.

2. The Congressional statutory findings include:

> Historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem. 42 USC §12101(a)(2).

> Discrimination against individuals with disabilities persists in such critical areas as...public accommodations...and access to public services; 42 USC §12101(a)(3).

> [I]ndividuals who have experienced discrimination on the basis of disability have often had no legal recourse to redress such discrimination; 42 USC §12101(a)(4).

> Individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural transportation, and communication barriers, [and] failure to make modifications to existing facilities and practices; 42 USC §12101(a)(5).

> The Nation's proper goals regarding individuals with disabilities are to assure equality of opportunity, full participation, independent living, and economic self-sufficiency for such individuals; 42 USC §12101(a)(8) and

> The continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from

Complaint for Damages Per California Civil Code § 1714, Preliminary and Permanent Injunctive Relief, Declaratory Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 2 of 17

dependency and non-productivity. 42 USC §12101(a)(9).

3. Congress went on to state explicitly the purpose of the ADA, to be:

> To provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities; 42 USC §12101(b)(1)
>
> To provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; 42 USC §12101(b)(2). [and] To invoke the sweep of congressional authority...in order to address the major areas of discrimination faced day-to-day by people with disabilities. 42 USC §12101(b)(4).

4 Congress gave commercial businesses one and a half (1 1/2) years to implement the ADA. The effective date of Title III of the ADA was January 26, 1992.

5. Nevertheless, more than twenty years later, CRUZ SERGION BECERRA, an individual, d/b/a MARISCOS SAN JUAN; ROBERT D. FRISONE, an individual; VIZZA INVESTMENTS, LLC, a California limited liability company and DOES I through 20, (collectively "Defendants"), have not brought the restaurant known as MARISCOS SAN JUAN (the "Restaurant"), located at 205 North 4th Street, San Jose, California, within the statutory and regulatory requirements of the California State Building Code Part 1, Part 2 ('Title 24'), the Americans With Disabilities Act Accessibility Guidelines ('ADAAG'), and the Uniform Building Code ('UBC').

6. As such, the Defendants discriminatorily denied Plaintiff, and other similarly situated persons with physical disabilities, access to the full and equal enjoyment of, opportunity to participate in, and benefits from, the goods, facilities, services, and accommodations thereof.

7. The Defendants were well aware that they needed to make their place of business

Complaint for Damages Per California Civil Code § 1714, Preliminary and Permanent Injunctive Relief, Declaratory Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 3 of 17

accessible. Therefore, Plaintiff seeks to redress Plaintiff's rights under the ADA and ask this Court to issue monetary, declaratory, punitive and injunctive relief against Defendants to end the ongoing discrimination pursuant to:

- The Americans with Disabilities Act of 1990, 42 USC §12101 et seq.;
- The Disabled Persons Act, California Civil Code §§54, 54 1, 54 3, and 55.
- The Unruh Act, California Civil Code sections 51, 51 5, and 52;
- Health and Safety Code Part 5.5, California Health and Safety Code sections 19955 et seq.;

## II. JURISDICTION

8. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 for violations of the ADA, 42 U.S.C. § 12201 *et seq.* Pursuant to supplemental jurisdiction, attendant and related causes of action, arising from the same facts, are also brought under California law, including, but not limited to, violations of California Health & Safety Code § 19955 *et seq.* and the Unruh Act, Cal. Civ. Code § *51 et seq.*

## III. VENUE

9. Venue is proper in this court pursuant to 28 U.S.C. § 1391 (b) and is founded on the fact that the real property which is the subject of this action is located in the Northern District and that Plaintiff's causes of action arose in the Northern District..

## IV. PARTIES

10. Plaintiff, RICHARD JOHNSON ("Plaintiff") is a paraplegic due to a motorcycle accident that happened a few years ago. Plaintiff requires the use of a wheelchair to move around.

11. Plaintiff is a qualified physically disabled person, as defined under Department of Justice regulation 28 C.F.R. § 36.104 and California Government Code § 12926. Plaintiff

Complaint for Damages Per California Civil Code § 1714, Preliminary and Permanent Injunctive Relief, Declaratory Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 4 of 17

possesses a DMV issued disabled parking placard and is entitled to park in disabled accessible parking spaces, including van accessible parking spaces, and to travel on and along public paths of travel between such parking facilities and areas to which the general public is invited. He is also entitled to fully accessible facilities with the public areas of the shopping center and its facilities. Plaintiff is, and at all times relevant hereto was, a resident of Los atos .

12. Consequently, Plaintiff is a member of that portion of the public whose rights are protected by the provisions of Title III of the ADA, Health and Safety Code Part 5.5., the Unruh Civil Rights Act and the Disabled Persons Act.

13. Defendants are the owners, operators, lessors and/or lessees, or agents of the owners, lessors, lessees, and/or alter egos, franchisors and/or franchisees, of the building and/or buildings which constitute a public facility in and of itself, occupied by the Restaurant and subject to the requirements of California State Law requiring full and equal access to public facilities pursuant to Health and Safety Code Part 5.5, the Unruh Act, the Disabled Persons Act, Title III of the ADA and all other legal requirements referred to in this complaint.

14. Plaintiff does not know the relative responsibilities of each of the Defendants in the operation of the facilities herein complained of, and allege joint venture and common enterprise by all such Defendants.

15. Plaintiff is informed and believes that all named Defendants including Does 1 through 20, inclusive, conspired to commit the acts described herein, or alternatively, aided and abetted one another in performance of the wrongful acts hereinafter alleged.

16. Plaintiff does not know the true names of all Defendants, their business capacities, their ownership connection to the property and business nor their relative responsibilities causing the access violations herein complained of, and allege a joint venture and common enterprise by all such defendants.

Complaint for Damages Per California Civil Code § 1714, Preliminary and Permanent Injunctive Relief, Declaratory Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 5 of 17

17. Defendants Does 1 through 20, inclusive, is the agent, ostensible agent master, servant, employer, employee, representative, franchisor, franchisee, joint venturer, alter-ego, partner and associate, or such similar capacity of each of the other defendants, and was at all times acting and performing, or failing to act or perform, within the scope of his, her, or it's authority as agent, ostensible agent, master, servant, employer, employee, representative, franchisor, franchisee, joint venturer, alter-ego, partner and associate, or such similar capacity, and with the authorization, consent, permission, or ratification of each of the other defendant in legally causing the violations and damages complained of herein, and have approved or ratified each of the acts or omissions of each of the defendants, as herein described.

18. Plaintiff may seek leave to amend when the true names capacities, connections, and responsibilities of Defendants are ascertained, if the same becomes necessary.

19. The Restaurant is a "place of public accommodation" as defined under Title III of the ADA ("Title III"), 42 U.S.C. § 12181(7)(B), and California civil rights laws, Cal. Civ. Code § 51 *et seq.* and Health & Safety Code § 19955 *et seq.*

### V. FACTS UPON WHICH ALL CLAIMS ARE BASED

20. Plaintiff and other similarly situated, physically disabled persons who require the use of a wheelchair or other mobility device, are unable to access and use the goods, services, and facilities offered at the Restaurant on a "full and equal" basis unless they are brought into compliance with Title III, 42 U.S.C. § 12181 *et seq.;* Health & Safety Code § 19955 *et seq.*, and California Code of Regulations, Title 24-2 ("Tit. 24-2"), all of which were enacted to ensure full and equal access for persons with disabilities in places of public accommodation. Plaintiff is a member of that portion of the public whose rights are protected by these laws.

21. Plaintiff uses a wheelchair for mobility and is considered a disabled individual under the Americans with Disabilities Act. On many occasions, including but not limited to May 17, 2014 and June 4, 2014, Plaintiff attempted to dine at the Restaurant located in downtown San Jose on

Complaint for Damages Per California Civil Code § 1714, Preliminary and Permanent Injunctive Relief, Declaratory Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 6 of 17

205 North 4th Street but was unable to do so due to the Restaurant noncompliance with the ADA. The Restaurant ADA violations not only make Plaintiff feel unwelcome but are also a hazard to Plaintiff and others similarly situated.

22.  The parking facility at the Restaurant has numerous ADA violations which increase the likelihood of Plaintiff suffering a physical injury. For example, the Restaurant fails to reserve a parking area specifically for the disabled. A lack of ADA parking spots forces disabled customers to park elsewhere and then requires them to traverse across the parking lot which increases the likelihood of being struck by a backing out vehicle.

23.  The Restaurant facility itself also has a number of ADA violations. For instance, the front door is very heavy which makes it even more difficult for Plaintiff to enter the Restaurant. Moreover, the front door closes quickly enough to where Plaintiff is still in close enough proximity to the door that it could hit them. Lastly, the Restaurant does not provide any ADA seating which makes dining at the Restaurant difficult and also increases the chances of injury.

24.  Plaintiff wants to have an opportunity to dine at the Restaurant. Unfortunately, until The Restaurant complies with the ADA, Plaintiff will be prevented from patronizing the Restaurant and will continue to feel like a second class citizen.

25.  The architectural barriers encountered by Plaintiff are as follows:

- No path of travel from public right of way;
- No directional signage;
- No ADA parking;
- No signage on the front door;
- Front door heavy;
- Front door closes fast;
- No ADA seating;
- The entire bathroom is non-complaint

Complaint for Damages Per California Civil Code § 1714, Preliminary and Permanent Injunctive Relief, Declaratory Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 7 of 17

26. Plaintiff wants to continue to use the Restaurant for his phone servicing needs. However, Defendant's persistent violation of the Americans with Disabilities Act makes it extremely difficult and dangerous for Plaintiff to frequent the Restaurant. These barriers to access are listed without prejudice to Plaintiff citing additional barriers to access after inspection by Plaintiff's access consultant, per the 9th Circuit's standing standards under *Doran v. 7-Eleven. Inc.* 524 F.3d 1034 (9th Cir. 2008).

27. Until the barriers at the Restaurant are removed, Plaintiff will continue to suffer discrimination by being excluded and deterred from returning to the Restaurant, and will continue to be denied full and equal access to and use of the same goods, services, facilities, privileges, advantages, and accommodations offered by Defendants to the general public.

28. As the result of Defendants' acts and omissions, as herein described, Plaintiff was, and will continue to be denied full and equal access to the "goods, services, facilities, advantages, or accommodations" offered by the Restaurant and has suffered discrimination, humiliation, pain, emotional distress, and embarrassment all to his damage. The ongoing nature of Defendants' discrimination constitutes an ongoing violation, and unless enjoined by this Court, will result in ongoing and irreparable injury.

## VI. FIRST CAUSE OF ACTION
## VIOLATION OF THE AMERICANS WITH DISABILITES ACT OF 1990
## (42 U.S.C. § 12101 *et seq.*)

### *Denial of "Full and Equal" Enjoyment and Use*

29. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 28 of this Complaint, and incorporates them herein as if separately repled.

30. Title III of the ADA holds as a "general rule" that no individual shall be discriminated against on the basis of disability in the full and equal enjoyment (or use) of goods, services, facilities, privileges, and accommodations offered by any person who owns, operates, or leases

Complaint for Damages Per California Civil Code § 1714, Preliminary and Permanent Injunctive Relief, Declaratory Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 8 of 17

a place of public accommodation. 42 U.S.C. § 12182(a).

31. Defendants discriminated against Plaintiff by denying "full and equal enjoyment" and use of the goods, services, facilities, privileges or accommodations of the Restaurant during each visit and each incident of deterrence.

### *Failure to Remove Architectural Barriers in an Existing Facility*

32. The ADA specifically prohibits failing to remove architectural barriers, which are structural in nature, in existing facilities where such removal is readily achievable. 42 U.S.C. § 12182(b)(2)(A)(iv). The term "readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." *Id.* § 12181(9).

33. When an entity can demonstrate that removal of a barrier is not readily achievable, a failure to make goods, services, facilities, or accommodations available through alternative methods is also specifically prohibited if these methods are readily achievable. *Id.* § 12182(b)(2)(A)(v).

34. Here, Plaintiff alleges that Defendants can easily remove the architectural barriers at the Restaurant without much difficulty or expense, and that Defendants violated the ADA by failing to remove those barriers, when it was readily achievable to do so.

35. In the alternative, if it was not "readily achievable" for Defendants to remove the Restaurant's barriers, then Defendant violated the ADA by failing to make the required services available through alternative methods, which are readily achievable.

### *Failure to Design and Construct an Accessible Facility*

36. On information and belief, the Restaurant was designed or constructed (or both) after January 26, 1992-independently triggering access requirements under Title III of the ADA.

37. The ADA also prohibits designing and constructing facilities for first occupancy after

Complaint for Damages Per California Civil Code § 1714, Preliminary and Permanent Injunctive Relief, Declaratory Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 9 of 17

1  January 26, 1993, that aren't readily accessible to, and usable by, individuals with disabilities
2  when it was structurally practicable to do so. 42 U.S.C. § 12183(a)(1).

4  38.  Here, Defendants violated the ADA by designing or constructing (or both) the
   Restaurant in a manner that was not readily accessible to the physically disabled public,
5  including Plaintiff, when it was structurally practical to do so.

### Failure to Make an Altered Facility Accessible

8  39.  On information and belief, the Restaurant was modified after January 26, 1992,
9  independently triggering access requirements under the ADA.

11 40.  The ADA also requires that facilities altered in a manner that affects (or could affect)
   its usability must be made readily accessible to individuals with disabilities to the maximum
12 extent feasible. 42 U.S.C. § 12183(a)(2). Altering an area that contains a facility's primary
13 function also requires adding making the paths of travel, bathrooms, telephones, and drinking
14 fountains serving that area accessible to the maximum extent feasible. *Id.*

16 41.  Here, Defendants altered the Restaurant in a manner that violated the ADA and was not
17 readily accessible to the physically disabled public, including Plaintiff, to the maximum extent
18 feasible.

### Failure to Modify Existing Policies and Procedures

20 42.  The ADA also requires reasonable modifications in policies, practices, or procedures,
21 when necessary to afford such goods, services, facilities, or accommodations to individuals
22 with disabilities, unless the entity can demonstrate that making such modifications would
23 fundamentally alter their nature. 42 U.S.C. § 12182(b)(2)(A)(ii).

25 43.  Here, Defendants violated the ADA by failing to make reasonable modifications in
26 policies, practices, or procedures at the Restaurant, when these modifications were necessary to
27 afford (and would not fundamentally alter the nature of) these goods, services, facilities, or

Complaint for Damages Per California Civil Code § 1714, Preliminary and Permanent Injunctive Relief, Declaratory Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 10 of 17

accommodations.

44. Plaintiff seeks all relief available under the ADA (*i.e.,* injunctive relief, attorney fees, costs, legal expense) for these aforementioned violations. 42 U.S.C. § 12205.

45. Plaintiff also seeks a finding from this Court (*i.e.,* declaratory relief) that Defendants violated the ADA in order to pursue damages under California's Unruh Civil Rights Act or Disabled Persons Act.

## VII. SECOND CAUSE OF ACTION
## VIOLATION OF CALIFORNIA DISABLED PERSONS ACT
### California Civil Code sections 54, *et seq.*

46. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 45 of this Complaint, and incorporates them herein as if separately repled.

47. California Civil Code § 54 states, in part, that: Individuals with disabilities have the same right as the general public to the full and free use of the streets, sidewalks, walkways, public buildings and facilities, and other public places.

48. California Civil Code § 54.1 also states, in part, that: Individuals with disabilities shall be entitled to full and equal access to accommodations, facilities, telephone facilities, places of public accommodation, and other places to which the general public is invited.

49. Both sections specifically incorporate (by reference) an individual's rights under the ADA. See California Civil Code §§ 54 (c) and 54.1 (d).

50. Here, Defendants discriminated against the physically disabled public - including Plaintiff by denying them full and equal access to the Restaurant. Defendants also violated

Complaint for Damages Per California Civil Code § 1714, Preliminary and Permanent Injunctive Relief, Declaratory Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 11 of 17

Plaintiff's rights under the ADA, and, therefore, infringed upon or violated (or both) Plaintiff's rights under the Disabled Persons Act.

51. Pursuant to the remedies, procedures, and rights set forth in California Civil Code §§ 54.3 and 55, Plaintiff prays for judgment as set forth below.

## VIII. THIRD CAUSE OF ACTION
## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT
### California Civil Code sections 51 *et seq.*

52. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 51 of this Complaint, and incorporates them herein as if separately repled.

53. California Civil Code § 51 states, in part, that: All persons within the jurisdiction of this state are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever.

54. California Civil Code § 51.5 also states, in part, that: No business establishment of any kind whatsoever shall discriminate against any person in this state because of the disability of the person.

55. California Civil Code §51 (f) specifically incorporates (by reference) an individual's rights under the ADA into the Unruh Act.

56. Defendants' aforementioned acts and omissions denied the physically disabled public, including Plaintiff, full and equal accommodations, advantages, facilities, privileges and services in a business establishment (because of his physical disability).

57. These acts and omissions (including the ones that violate the ADA) denied, aided or

Complaint for Damages Per California Civil Code § 1714, Preliminary and Permanent Injunctive Relief, Declaratory Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 12 of 17

incited a denial, or discriminated against Plaintiff by violating the Unruh Act.

58. Pursuant to the remedies, procedures, and rights set forth in California Civil Code § 52, Plaintiff prays for judgment as set forth below.

## IX. FOURTH CAUSE OF ACTION
## DENIAL OF FULL AND EQUAL ACCESS TO A PERSON WITH PHYSICAL DISABILITIES IN A PUBLIC FACILITIES
### Health and Safety Code sections 19955 et seq.

59. Plaintiff repleads and incorporates by reference, as if fully set forth again herein, the allegations contained in Paragraphs 1 through 58 of this Complaint, and incorporates them herein as if separately repled.

60. California Health & Safety Code §§ 19955 et seq. was enacted "[t]o ensure that public accommodations or facilities constructed in this state with private funds adhere to the provisions of Chapter 7 (commencing with §4450) of Division 5 of Title 1 of the Government Code." Such public accommodations are defined as any "building, structure, facility, complex, or improved area that is used by the general public...," and includes restaurants and related sanitary facilities, shopping centers and related sanitary facilities, and curbs and sidewalks intended for public use. California Health & Safety Code § 19955.

61. Plaintiff alleges that the Restaurant underwent construction and/or alterations after January 1, 1982 that triggered access requirements under Title 24-2. Pursuant to Title 24-2, compliance with disabled access building standards and specifications is required whenever public accommodations, such as the Restaurant, undergo an "alteration, structural repair or addition."

62. Pursuant to the remedies, procedures, and rights set forth in Health & Safety Code § 19953, Plaintiff prays for judgment as set forth below.

Complaint for Damages Per California Civil Code § 1714, Preliminary and Permanent Injunctive Relief, Declaratory Relief and Damages: Denial of Civil Rights and Access to Public Facilities to Physically Disabled Persons, Per Federal and California Statutes (Including Civil Code §§ 51, 52, 54, 54.1, 54.3, and § 55; and Health & Safety Code §§ 19955 et seq.); Injunctive Relief Per Title III, Americans with Disabilities Act of 1990
Page 13 of 17

## XI. PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray judgment against the Defendants for:

*PRAYER FOR FIRST CAUSE OF ACTION [Violation of the Americans with Disabilities Act]:*

1. For injunctive relief, compelling Defendants to make the Restaurant readily accessible to and usable by individuals with disabilities, pursuant the Americans with Disabilities Act;

2. For injunctive relief, compelling Defendants to remove architectural barriers at the Texaco, that are structural in nature, where such removal is readily achievable;

3. For injunctive relief, compelling Defendants to make goods, services, facilities, privileges, advantages, or accommodations available through alternative methods, when such methods are readily achievable, if the defendants can demonstrate that the removal of a barrier under Title III of the ADA is not readily achievable;

4. Any other relief provided by 42 U.S.C. §2000(a)- 3(a);

5. For declaratory relief that the Defendants violated Title III of the ADA;

6. For attorneys' fees, litigation expenses and costs of suit pursuant to 42 U.S.C. §12205; and

7. For such other and further relief as the court may deem proper.

**PRAYER FOR SECOND CAUSE OF ACTION [Violation of Disabled Persons Act]:**

1. General and special damages according to proof;

2. All damages afforded by Civil Code §54.3 for each day in which Plaintiff visited the Restaurant and was denied equal access, because Plaintiff was a person with physical disabilities;

3. All damages afforded by Civil Code §54.3 for each day in which Plaintiff was deterred from visiting the Restaurant, because Plaintiff had actual notice that Plaintiff would be denied equal access;

4. All damages afforded by Civil Code §54.3 for each violation of Title III of the ADA at the Restaurant;

5. All damages afforded by Civil Code §54.3 for each violation of the ADAAG, which is incorporated into Title III of the ADA, that was present at the Restaurant;

6. All damages afforded by Civil Code §54.3 for each violation of Title 24, which is established pursuant to Health and Safety Code §19955 et seq., that was present at the Restaurant;

7. For injunctive relief, compelling Defendants to Comply with Title 24 and the ADAAG at the Restaurant pursuant to California Civil Code §55;

8. Attorneys' fees pursuant to Civil Code sections 54.3 and 55 and Code of Civil Procedure §1021.5;

9. For all costs of the suit;

10. Such other and further relief as the court may deem proper.

**PRAYER FOR THIRD CAUSE OF ACTION [Violation of the Unruh Civil Rights Act]:**

1. General and special damages according to proof;

2. All damages afforded by Civil Code §52(a) for each day in which Plaintiff visited the Restaurant and were denied equal access, because Plaintiff, was a person with physical

disabilities;

3. All damages afforded by Civil Code §52(a) for each day in which Plaintiff was deterred from visiting the Restaurant, because Plaintiff had actual notice that Plaintiff would be denied equal access;

4. All damages afforded by Civil Code §52(a) for each violation of Title III of the ADA at the Restaurant;

5. All damages afforded by Civil Code §52(a) for each violation of Title 24, which is established pursuant to Health and Safety Code §19955 et seq., that was present at the Restaurant;

6. Attorney fees pursuant to Civil Code §52(a) and Code of Civil Procedure §1021.5;

7. For all costs of suit;

8. Such other and further relief as the court may deem proper.

**PRAYER FOR FOURTH CAUSE OF ACTION [Violation of Health and Safety Code §19955, et seq.]:**

1. Injunctive or preventive relief pursuant to Health and Safety Code §19953;

2. For attorneys' fees pursuant to Code of Civil Procedure §1021.5, Civil Code §55, and/or, alternatively, Health and Safety Code §19953;

3. Such other and further relief as the court may deem proper.

Dated: June 16, 2014      /s/ *Irene Karbelashvili*
Irene Karbelashvili, Attorney for Plaintiff
RICHARD JOHNSON

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial.

Dated: June16, 2014      /s/ *Irene Karbelashvili*
Irene Karbelashvili, Attorney for Plaintiff
RICHARD JOHNSON